# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:16-cv-00463-FDW
## (CRIMINAL CASE NO. 3:11-cr-00398-FDW-1)

| | |
|---|---|
| **JARVIS DEMOND HEMPHILL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Response in Opposition to Motion under 28 U.S.C. § 2255 [CV Doc. 8]. The Petitioner is represented by Caleb Newman of the Federal Defenders of Western North Carolina.

## I.    BACKGROUND

On December 13, 2011, Petitioner Jarvis Demond Hemphill ("Petitioner") was charged in a Bill of Indictment with two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts One and Three); two counts of possessing and brandishing a firearm in furtherance of a "crime of violence," that is Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two and Four); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five). [CR Doc. 1: Indictment]. On November 2, 2012, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-463-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:11-cr-00398-FDW.

Counts One, Two and Five, and the Government agreed to dismiss Counts Three and Four. [CR Doc. 23 at 1: Plea Agreement].

On November 13, 2012, Petitioner pleaded guilty to Counts One, Two, and Five. [CR Doc. 25: Acceptance and Entry of Guilty Plea]. Petitioner was subject to a Guidelines range of 46 to 57 months' imprisonment on Counts One and Five due to a § 2K2.1 enhancement for a prior conviction on three counts of North Carolina common law robbery. [CR Doc. 38 at ¶ 21; CR Doc. 42 at ¶ III: Statement of Reasons]. The Petitioner's sentencing hearing was held on January 14, 2014. The Court sentenced Petitioner to a term of imprisonment of 57 months on both Counts One and Five, to be served concurrently, and 87 months on Count Two, to be served consecutively to the term imposed on Counts One and Five, for a total term of 144 months' imprisonment. [CR Doc. 41 at 2: Judgment]. Judgment on this conviction was entered on February 6, 2014. [Id.]. Petitioner appealed his conviction based on his competency to enter a guilty plea. [CR Docs. 53, 64]. The Fourth Circuit affirmed the District Court's judgment. [CR Doc. 64].

On June 23, 2016, Petitioner filed motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. Petitioner also argues that his sentence was improperly enhanced under U.S.S.G. § 2K2.1 based on a prior conviction on three counts of North Carolina common law robbery. [Id.; see CR Doc. 38 at ¶ 21]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 3].

Then, upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640, and the Supreme Court's decision in United States v. Beckles, No. 15-8544. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United

States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. [CV Doc. 7]. The Court ordered that the Government would have 60 days to respond to Petitioner's motion once the Supreme Court issued its ruling in Davis. [Id.]. The Supreme Court decided Davis on June 24, 2019. The Government timely responded to Petitioner's § 2255 motion to vacate. [CV Doc. 8]. The Petitioner, despite being represented by counsel, did not reply.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims argues he is entitled to relief on these grounds because, under Johnson, his conviction on Count Two was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 2].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term

3

of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 5]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Two is valid if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. Recently, the Fourth Circuit squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force

clause of Section 924(c)." 932 F.3d at 266. As such, Petitioner's conviction under 18 U.S.C. § 924(c) is valid.

The Petitioner also argues that his sentence was improperly enhanced under § 2K2.1 of the Guidelines because the enhancement was based on a prior conviction for North Carolina common law robbery. [CV Doc. 1 at 7-8]. Specifically, Petitioner argues that because the residual clause in § 4B1.2(a)(2), which is incorporated by reference under § 2K2.1, is identical to the ACCA's residual clause, Johnson also invalidates the residual clause of the sentencing guidelines. [Id. at 7]. This argument is foreclosed by Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court rejected a due process challenge to the career offender guideline, holding that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. at 890.

The Court, therefore, will deny and dismiss Petitioner's motion to vacate under § 2255.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid and that Petitioner's sentence was properly enhanced under U.S.S.G. § 2K2.1, the Court will deny and dismiss Petitioner's § 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: September 23, 2019

Frank D. Whitney
Chief United States District Judge